IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 16-451-CG-B |
| RAMAN H. PATEL, | ) ) ) | |
| Defendant. | ) | |

## CONTEMPT AND SEIZURE ORDER

This matter is before the Court based on Defendant Raman H. Patel's failure to respond to the Show Cause Order issued March 28, 2017 (Doc. 19), which was issued as a result of a notice of Defendant's non-compliance with this Court's November 3, 2016 Order and Default Judgment filed by Plaintiff Choice Hotels International, Inc. ("Choice Hotels") (Doc. 18). Choice Hotels filed a second notice of non-compliance upon Defendant's failure to respond to the Show Cause Order and now asks the Court find Defendant in civil contempt. (Doc. 21). Upon consideration of the following, the Court finds Defendant **IN CIVIL CONTEMPT** and **ORDERS** as fully set forth below.

**1. LEGAL STANDARD**

This Court is empowered by 18 U.S.C. § 401 to punish parties who violate its orders, injunctions, and judgments. "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *CFTC v. Wellington Precious*

*Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). Upon a prima facie showing of a violation, the burden shifts to the alleged contemnor to defend his or her failure to comply by showing that, although he or she may have taken all reasonable steps to comply, he or she was unable to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983). If the alleged contemnor makes a sufficient showing, the burden shifts back to the party seeking contempt who bears the ultimate burden of ability to comply. *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir.), *cert. denied*, 479 U.S. 853 (1986). Under normal circumstances a hearing is necessary before an alleged contemnor may be found in contempt; however, "when there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him." *Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990).

## 2. ANALYSIS

The Order and Default Judgment included (1) a permanent injunction with both a removal and compliance requirement; (2) a surrender order; and (3) an accounting requirement. Specifically, the Court ordered the following:

> b. Defendant, his officers, agents, employees, representatives, subsidiaries, successors, assigns, and any persons or entities in active concert or participation with Defendant, shall be and hereby are PERMANENTLY ENJOINED and restrained from operating or doing business under any name or mark that is likely to give the impression that the Motel is licensed by Plaintiff.
>
> c. Defendant is required to IMMEDIATELY remove any and all QUALITY® branded signs, placards, and source indicators from the Motel located at 611 South Boulevard, Brewton, Alabama 36426.
>
> d. Within thirty (30) days of this Order, Defendant shall file with the

2

> Court and serve on counsel for Plaintiff a written statement made under oath setting forth all of the steps taken to comply with this Order.
>
> …
>
> 5. Defendant is ORDERED to deliver up to Plaintiff for destruction all items, products, labels, signs, prints, packages, wrappers, receptacles, and/or advertisements in their possession or control bearing any of the QUALITY® family of marks as described in footnote 1 or any mark confusingly similar thereto within thirty (30) days of receiving service of notice from Plaintiff as to where such items are to be delivered.
>
> 6. Defendant is ORDERED to submit within thirty (30) days of this Order a report in writing and under oath setting forth the following: (1) the date upon which Defendant ceased use of the QUALITY® family of marks at the Motel and (2) an accounting of all gross profits received at the Motel from August 29, 2013 through the date Defendant ceased use of the QUALITY® family of marks. The parties shall notify the Court when said accounting is concluded. Upon conclusion of the accounting, the Court will order additional relief as the Court considers appropriate, at which time a final judgment will issue. Should the Court find a hearing necessary to determine the nature and amount of any damages or profits, the parties will be notified.

(Doc. 17, pp. 17–18).

On December 23, 2016, Choice Hotels filed its initial Notice of Non-Compliance with the Court. (Doc. 18). Therein, Choice Hotels supplied affidavit and photographic evidence that Defendant failed to remove any and all QUALITY® branded material. *Id.* Given Defendant's non-compliance, the Court ordered Defendant show cause, no later than April 10, 2017 why he should not be held in contempt. (Doc. 19, p. 2). Defendant was properly noticed of the Court's order by way of certified mail, return receipt requested. (Doc. 20). April 10, 2017 came and went with no appearance or response by Defendant. And Choice Hotels has, yet again, supplied affidavit and photographic evidence showing Defendant still makes

use of the QUALITY® family of marks in violation of the Order and Default Judgment, at least as recently as April 11, 2017. (Doc. 21). Therefore, Choice Hotels has carried its burden and established by clear and convincing evidence that Defendant's continued use of the QUALITY® family of marks constitutes both a direct violation of the Court's Order and an on-going infringement of Choice Hotels' trademark rights. Defendant's failure to appear shows he does not dispute his lack of compliance with the Court's Order, so a hearing is unnecessary. Thus, the Court **GRANTS** Choice Hotel's motion to hold Defendant in civil contempt (Doc. 21).

**3. CONCLUSION**

Based on the forgoing, Defendant is herby found to be **IN CIVIL CONTEMPT** of the Order and Default Judgment issued by the Court on November 3, 2016. (Doc. 17). The Court hereby

a. **ORDERS** that within thirty (30) days of the date of this Order, or as soon thereafter as is reasonably practical, the United States Marshal or his deputy, accompanied by Choice Hotels' counsel and/or person(s) acting under its supervision, shall **SEIZE and IMPOUND** all the items at the Subject Property, specifically, the motel and grounds located at **611 South Boulevard, Brewton, Alabama, 36426**, bearing any of the marks in the QUALTIY® family of marks, including but not limited to, the marks appearing in trademark registration numbers 886,881; 1,050,372; 1,183,294; 1,534,820; 1,769,488; 2,729,999; 2,732,875; 2,946,054; 3,053,888; 3,448,436; 3,448,437; 3,435,885; 3,569,789; 3,837,912, and that any such items be turned over to Choice Hotels for destruction or such other

4

disposition as Choice Hotels shall in its sole discretion deem appropriate, including the following items: Property Signage, Entrance Signage, Building Signage, Lobby Displays/Backdrops, Owner's Plaques, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Packages, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Name Tags, Ice Buckets, Guest Service Directories, Sani-Bags, Travel Directories, Ashtrays, Phone Plates, Info Caddies, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pads/Pencils/Pens, Guest Comment Cards;

b. **ORDERS** that pursuant to 28 U.S.C. § 1921 and 28 C.F.R. § 0.114, Choice Hotels shall be responsible for any costs associated with the service and execution of this Order;

c. **ORDERS** that Choice Hotels shall be responsible for notifying and coordinating the service and execution of this Order with the designated representative for the United States Marshal Administrative Officer, Angela Garriz;

d. **ORDERS** that Choice Hotels shall within thirty (30) days of any seizure authorized by this Order, file a notice of compliance identifying the date of seizure, the items seized, and the costs incurred;

e. **ORDERS** that once the seizure has taken place, the Subject Property has been de-flagged, and the term of the infringement known, Choice Hotels shall submit a Memorandum of Points and Authorities setting forth (1) the measure of infringement damages/profits, costs, and attorneys' fees to which it claims an

entitlement in connection with this action and (2) a statement of attorneys' fees and costs incurred in connection with this Contempt and Seizure Order.

The Clerk is directed to provide a copy of this order to the United States Marshal.

**DONE and ORDERED** this 3rd day of May, 2017.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE